UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MARTIN VARGAS,

    Plaintiff,

v.                                                                                         Civ. No. 22-182 WJ/GJF

SERGEANT MARK NORRIS, et al.

    Defendants.

## ORDER EXTENDING PRETRIAL DEADLINES

THIS MATTER is before the Court on Defendants' Opposed Motion to Vacate and Reschedule Settlement Conference and for Extension of Pretrial Deadlines [ECF 27] ("Motion"). The Motion is fully briefed. *See* ECFs 28 (Resp.), 29 (Reply). The Motion requests that the pretrial deadlines be extended by about four months. Mot. at 5.[1] The Court concludes that Defendants have shown good cause for such an extension. Consequently, the Court will **GRANT** the Motion.

**I.   BACKGROUND**

Defendants contend that they need additional time to obtain and properly evaluate certain discovery information. Mot. at 2–5. For instance, Defendants assert that, although they have received a number of records thus far, they still have not received certain essential records. *Id.* at 2–4.[2] Defendants insist that they still lack important "information concerning the Plaintiff's psychological history, pre-existing PTSD, bipolar episodes and recurrent major depressive

---

[1] The Court previously granted the Motion's request to vacate and reschedule the settlement conference. *See* ECFs 29–30 (rescheduling the settlement conference for January 18, 2023). Consequently, this order addresses the Motion's remaining request—i.e., the request for an extension of the pretrial deadlines.

[2] Such records consist of (1) University of New Mexico Hospital medical records, corresponding to Bates numbers 4841–8137; (2) information of providers who have treated Plaintiff within the five years preceding the incident; and (3) certain Social Security Administration (SSA) records regarding Plaintiff. Mot. at 2–4; *see also* Reply at 2 n.1 (noting that "[a] release for [the SSA records] was provided to counsel for the Plaintiff on November 3, 2022").

episodes[,] . . . Plaintiff's suicide attempt in 2016, his brain injury, seizures[,] [and] his drug or alcohol abuse."  Reply at 4–5 (asserting that Defendants became aware of these issues through the medical records they received only on October 28, 2022).  Defendants contend that without such relevant information—which they believe should have already been provided through initial disclosures and supplemental discovery responses—they cannot "meet the deadlines contained in the Court's Scheduling Order."  *Id.* at 7.

For his part, Plaintiff asserts that his "attorneys have been diligent and will continue to be."  Resp. at 3–4 (asserting that Plaintiff "supplemented his Initial Disclosures by producing voluminous records on July 8, 2022," "provided releases for treatment records in July of 2022," "obtained additional medical records that were produced on Friday, October 28 [2022]," and "met the Expert Disclosure deadline").  In addition, Plaintiff contends that Defendants' request for extension should be denied because "Defendants have not been diligent" in seeking the additional records they desire through discovery.  *Id.* at 2–4.  For example, Plaintiff asserts that Defendants have not "requested a release of [the SSA] records" or "taken any depositions."  *Id.* at 3–5.  Nevertheless, "Plaintiff's counsel [has] promised to work diligently to disclose [the SSA and other records sought by Defendants] as soon as possible."  ECF 20 at 1–2 (clerk's minutes).  Plaintiff also suggests that Defendants can still meet the current discovery deadlines and that extending such deadlines "will likely cause a later trial setting, thereby slowing and prejudicing Plaintiff's pursuit of justice."  Resp. at 6.

## II. DISCUSSION

### A. Applicable Legal Standard

The Federal Rules of Civil Procedure provide that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "To satisfy this standard a

movant must show that 'the scheduling deadlines cannot be met despite the movant's diligent efforts.'" *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1118 (10th Cir. 2021) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). "Good cause" also "obligates the moving party to provide an adequate explanation for any delay." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018)). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery[.]" *Gorsuch*, 771 F.3d at 1240.

"Appellate decisions have identified several relevant factors in reviewing decisions concerning whether discovery should be reopened." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).[3] Nevertheless, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Tesone*, 942 F.3d at 988 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also id.* (observing that "the factor on which courts are most likely to focus is the relative diligence of the lawyer who seeks the change" (quotations and alterations omitted)). Thus, good cause "is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.* (quoting 3 James Wm. Moore, Moore's Federal Practice – Civil § 16.14[1][b] (3d ed. 2019)). In contrast, "carelessness" or "[m]ere failure on the part of counsel to proceed promptly with the normal

---

[3] *See, e.g.*, *id.* (observing that these factors "includ[e]: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence").

processes of discovery and trial preparation … should not be considered good cause." *Id.* at 989 (quoting *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005)).

### B. Analysis

The Court concludes that Defendants have shown good cause for the requested extension. To begin, Defendants have provided an adequate explanation for the need for additional time to conduct discovery. The additional discovery they seek has a high likelihood of leading to relevant evidence—including evidence regarding the extent to which Plaintiff's claimed injuries resulted from Defendants' alleged wrongdoings. Furthermore, Defendants were not made aware of certain issues requiring further discovery (e.g., issues relating to Plaintiff's extensive and significant pre-existing conditions, such as injuries and various mental health issues) until October 28, 2022. Mot. at 4; Reply at 3–5. In addition to such new information, Defendants' request comes at a time when the trial is not imminent—or even scheduled.[4] Moreover, although Defendants have yet to conduct depositions and serve all of their desired discovery, Defendants have not been careless or generally lacking in diligence. Consequently, refusing to grant them the requested extension to obtain essential discovery information—which Defendants represent could not be obtained without such an extension, *see* Mot. at 2–5; Reply at 7—would carry a substantial risk of unfairness.

In granting Defendants' request, the Court notes that it will be less solicitous of any future (opposed) request by Defendants to further extend the discovery deadlines.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion is **GRANTED**.

---

[4] This case began approximately 2.5 years ago in May 2020 in state court. It was not until Plaintiff added federal claims to his complaint in March 2022 that this case was removed to this Court. Thus, although Plaintiff complains that extending the discovery deadlines will "slow[ ] and prejudice[e] Plaintiff's pursuit of justice" by potentially delaying the (currently unscheduled) jury trial, Resp. at 6, Plaintiff does not discuss what steps (procedural or otherwise) he took in the nearly two years the case was in state court to ensure that a jury trial would occur as soon as possible. *See generally* Resp.

**IT IS FURTHER ORDERED** that the Court's June May 11, 2022, Order Setting Pretrial Deadlines and Briefing Schedule [ECF 18] is amended as follows:

1. The deadline for Plaintiff to identify in writing any expert witness to be used by Plaintiff at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) is extended from October 31, 2022, to **February 6, 2023**.

2. The deadline for Defendants to identify in writing any expert witness to be used at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) is extended from December 1, 2022, to **March 8, 2023**.

3. The termination date for discovery is extended from December 30, 2022, to **May 1, 2023**.

4. The deadline to file motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) is extended from January 20, 2023, to **May 15, 2023**.

5. The deadline to file pretrial motions, other than discovery motions, is extended from February 3, 2023, to **June 22, 2023**.

6. Plaintiff shall submit a proposed pretrial order to Defendants no later than **45 days after the later of** either (1) the pretrial motions deadline, if no dispositive motions have been filed; or (2) the date on which the presiding judge resolves the last remaining dispositive motion, if any dispositive motions have been filed. Defendants shall submit a consolidated final pretrial order to the Court no later than **14 days** after receiving Plaintiff's proposed pretrial order.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE